Judge Roane,
delivered the opinion of the court:
The court is of opinion, that there is no error in the opinions of the Superior Court, impeached by the 2d and 3d exceptions. The reasons in support of those opinions, are so clear and self-evident, that they need not he adverted to.
Nor is there any error in the other opinions of that court, objected to by the appellant, and which go to the merits of his title.
The appellant claims his right to freedom, on three grounds: 1st, on the right to freedom alleged to have been acquired by bis mother, prior to his birth, by having sojourned within the state of Ohio, and as is further alleged, been there employed by her master: 2dly, on the ground that her right to freedom was, prior to his birth, established by the judgment on the writ of habeas corpus stated in the record;—and Sdly, he claims it under the deed of emancipation contained in the proceedings; and which was also executed prior to the birth of the appellant. It is readily conceded, that if his mother’s right to freedom was valid and complete, prior to Isis birth, on any of ibe.se grounds, his right to freedom follows as a necessary consequence.
Under the first enquiry, we must throw entirely out of view the subsequent residence of the mother within the state of Ohio, with the alleged consent of Rodgers her former master. Whatever may be the effect of a residence therein, for a great length of time, and with the assent *22 aforesaid: whatever may be the effect of this circumstance * in relation to a person who may thereby have become one of the permanent members of that state, the residence now in question is of a far different character.
There is no evidence in this case of the mother’s residence within the state of Ohio, prior to the appellant’s birth, but that she.was once seen, on a Sunday, working at a sugar camp therein, in the absence of her master, and without any evidence that it was with his permission. In reference to this evidence, the court below- was asked to instruct the jury, that if they should find,that she was employed by her master within that state, in making sugar, or any other local service, not merely transitory, and for however short a time, they must find a verdict for the plaintiff. The judgment of the superior court refusing to give that instruction was, in our opinion, entirely correct. Such an occupation for a short time, and even for the benefit of the master, and probably in his presence, could never operate an emancipation of his slave. It could not so operate, when the animus: revertendi strongly existed in him, both in relation to himself, and to his slave. There is indeed but a shade of difference between such a residence as this, (if indeed it can be called a residence,) and the mere right of passage through the state : and such a construction, as that now contended for, would whittle down to nothing the right of the citizens of each state, within every other state guaranteed to them by the constitution. Such an occupation connot be said to carry with it evidence of the assent of the master, that she should cease to remain his property, and become a member of the state of Ohio, without which the regulations of that state on the subject of emancipation cannot attach.
As for the 2d ground, of claim, under the judgment upon the habeas corpus, it has been truly answered, that that judgment has not affirmed the mother’s right to freedom. Even if it had, and this mode of proceeding was legalized by the laws of that state, (as it seems not to be by *23 '¿lie laws of this,) in favour of a slave against his master, ' ° those laws are not found in the case before us : and even if they were, it might well be questioned whether the judgment aforesaid could have concluded the right of the master in the present instance. The right of our citizens under the constitution to reclaim their fugitive slaves from other states, woidd be nearly a nullity, if that claim was permitted to be intercepted by a proceeding like the one in question ; a proceeding of so extremely summary a character, that it affords no fair opportunity to a master deliberately to support bis right of property in his slave. Such a proceeding ought not, therefore, to be conclusive on the subject.
As to the deed of emancipation contained in the record, that deed, taken in connexion with the evidence offered to support it, shews, that it had a reference to the state of Virginia. It is stated to have been made by John Rodgers a resident of the state of .Virginia ; and the testimony shews, that it formed a part of a contract whereby the slave Milly was to be brought back, (as she was brought back,) into the state of Virginia. Her object, therefore, was to secure her freedom by the deed, within the state of Virginia, after the lime should have expired, for which she indented herself, and when she should be found abiding within the state of Virginia.
If then this contract had an eye to the state of Virginia for its operation and effect, the lex loci ceases to operate» In that case it must, to have its effect, conform to the laws of Virginia, It is insufficient under those laws, to effectuate an emancipation, for want of a due recording in the county court, as was decided in the case of Givens vs. Mann in this court. It is also ineffectual, within the commonwealth of Virginia, for another reason. The lex loci is also to be taken subject to the exception, that it is not to be enforced in another country, when it violates some moral duty, or the policy of that country, or is inconsistent with a positive right secured to a third person *24 or Party by the ^aws °f ^ia* country, in which it is sought to be enforced. In such a case we are told “ magis jus nostrum, quam jus alienum servemus.3'(d) That third party,in this case, is the commonwealth of Virginia : and her policy and interests are also to be attended to. These turn the scale against the lex loci in the present instance. For want of being emancipated agreeably to the provisions of our act on that subject, the duty of supporting the old and infirm slaves would devolve upon the commonwealth. That burthen is only to be borne by the master, in relation to slaves “ so emancipated that is, emancipated agreeably to the provisions of the act. 1 Rev. Code, p. 434. Even yet, and notwithstanding a late alteration of the law upon this subject, that bur-then must be borne by the commonwealth, at least for a time.
For these reasons, we are unanimously of opinion to affirm the judgment.

 Hub. 2 tom. lib. 1, tit. 3. 2 Fonb. 444.