November 13.
JUDGE CARR.
On the 13th of November, 1781, Samuel Pretlow, by Deed, emancipated a negro boy of six years old, named Moses, “after he shall attain to the age of twenty-one years.” On the next day he made his Will, in which there is the following clause : “I give and bequeathe unto my daughter, Mary, to her, and her heirs forever, 1501. in specie, and the labour of four negroes, viz: Moses, Joe, Tom and Tabb, until they become free.” The Will was admitted to record in April, 1782, the Deed in 1819, and then on proof of the hand-writing of one of the subscribing witnesses, it being stated that they were both dead. Moses, on the death of Pretlow, went into the possession of Mary Pretlow, whose husband held him till his death, about 1800, and the husband’s Executor sold him to Denigree, the Defendant. This is the substance of the case agreed, and presents this question ; is Moses entitled to his freedom? In 1723, it was enacted that no person should emancipate a slave but for meritorious services, and by permission of the Governor and Council. This Act continued in force till May, 1782, when a Law passed, saying, “That it shall hereafter be lawful for any person, by his last Will and Testament, or by any' other instrument in writing under his hand and seal, attested and proved in the County Court, by two witnesses, or acknowledged by the party in the Court of the County where he resides to emancipate and set free his slaves, who shall ^thereupon be entirely and fully discharged from the performance of any contract entered into during servitude, and enjoy as full freedom, as if they had been particularly named, and freed by this Act.” Did the Deed and Will either separately or conjointly entitle Moses to his freedom? The Deed was an attempt to do what was expressly forbidden by Law, the Act of 1723 declaring, that “No negro, mulatto or In ■ dian slaves, shall be set_ free upon any pretence whatsoever, except for some meritorious services, to be adjudged and allowed by the Governor and Council, and a license thereupon first had and obtained.” I suppose it need hardly be said that a Deed, made in direct violation of a positive Law, is void. If this Deed had been made after the Law of 1782, it would have been of no avail, for it has never been recorded according to the directions of that Act; and this Court, in Givens v. Manns, 6 Munf. 191, and Lewis v. Fullerton, 1 Rand. 15, have declared, that unless the Law is pursued in that respect, the Deed is void. By the Deed, then, as a Deed to emancipate, Moses gained nothing. The Will, taken by itself, is merely a bequest to Mary ox the labor of Moses and three others, until they become free, and cannot, without violating every rule of construction, be taken to impart any right to Moses. But it is said, that the Will evidently refers to the Deed, and must be taken in connection with it. I have no doubt the Testator had that Deed in his mind when he wrote his Will; but this, so fat from showing that he meant by his Will to confer freedom on Moses, is strong proof, (as was well remarked at the Bar,) that he had no such meaning, but considered that as done by the Deed already. This seems still more clear by another part of the Will, where, in the first bequest of the labor of other slaves, he says, “until they become free, agreeable to the manumissions I have given under my hand and seal.” It is clear, then, that the Testator did not intend to free Moses by Will, and in the Will merely refer-ed for the term of service, to the Deed by which he supposed he bad *given freedom, and this reference to a Deed void ab initio, it will hardly be contended, could make it valid. But, suppose the Testator had made the Deed a part of the Will; nay, suppose by the Will itself he had given to Moses his freedom after twenty-one, I say such a Will would have been void, and this even under the decision of Pleasants v. *798 Pleasants, 2 Call, 319, a case which has surely carried this doctrine as far as it ought to go. There, the Testator did not pretend by his Will to vest a present right to freedom, in violation of the Law, but devised his slaves to his children, with a clause, that whenever the Laws should permit it, they might have their freedom, and created a trust to support that devise. And the Decree in that case states, “If the Testators had devised the slaves, upon condition that the devisees should emancipate them immediately, the condition being unlawful, would have been void, and the property vested; yet the condition, that they should become free when the Law would permit it, was not of that sort.” Here, neither the Wilt nor the Deed looked to the passage of a Law as a condition, but gave freedom upon the sole condition of the negro’s living till twenty-one; and this was against Law, and void. I think the Judgment of the Superior Court must be affirmed.
All the other Judges concurred, and the Judgment'was affirmed.